# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**JOSHUA HENRY**                                                                    **PLAINTIFF**

**V.**                              **NO. 3:21-cv-00213-ERE**

**KILOLO KIJAKAZI, Acting Commissioner**
**of the Social Security Administration**                                **DEFENDANT**

### ORDER

**I.      Introduction:**

On May 2, 2016, Joshua Henry filed a Title II application for disability and disability insurance benefits and a Title XVI application for supplemental security income benefits. *Tr. 327-336*. In both applications, he alleged disability beginning on January 1, 2015. *Id*. In a decision dated June 29, 2018, an administrative law judge ("ALJ") denied Mr. Henry's applications. *Tr. 163-182*. On January 24, 2019, the Appeals Council remanded the case for reevaluation. *Tr. 183-186*.

After a hearing, a second ALJ denied Mr. Henry's applications. *Tr. 7-29*. The Appeals Council declined to review the decision. *Tr. 1-4*.

Mr. Henry sought judicial review in this Court, and on December 17, 2020, the Court granted an unopposed remand of the case for further review. *Tr. 2559-2560*.

The Appeals Council directed the ALJ to conduct a new hearing and obtain supplemental evidence. *Tr. 2563-2564*. After a third hearing, an ALJ again denied

Mr. Henry's claims for benefits. *Tr. 2469-2485*. Mr. Henry did not seek review by the Appeals Council, so the ALJ's decision became the final decision of the Commissioner. Henry now seeks judicial review.

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

## II.    The Commissioner's Decision:

At step one of the required five-step analysis, the ALJ found that Mr. Henry, 28 years-old on the alleged onset date, had not engaged in substantial gainful activity since January 1, 2015.[2]  *Tr. 2472, 2483*. At step two, the ALJ determined that Mr. Henry has the following severe impairments: spine disorder, joint dysfunction, seizure disorder, carpal tunnel syndrome on the left, degenerative disk disease, and anxiety. *Tr. 2472.*

At step three, the ALJ found that Mr. Henry did not have an impairment or combination of impairments meeting or medically equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 2473*. Next, the ALJ determined that

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

Mr. Henry has the residual functional capacity ("RFC") to perform light work with the following limitations: (1) occasional climbing stairs, stooping, kneeling, crouching, and crawling; (2) no climbing ladders, ropes, or scaffolding; (3) occasional reaching overhead with the left (non-dominant) upper extremity; (4) occasional handling and fingering with the left (non-dominant) upper extremity; (5) frequent handling and fingering with the right (dominant) upper extremity; (6) no driving, working from heights, using firearms, or working around dangerous unprotected moving machinery; (7) simple, routine, and repetitive work, with supervision that is simple, direct, and concrete. *Tr. 2476*.

At step four, the ALJ observed that Mr. Henry had no past relevant work. *Tr. 2483*. At step five, relying on the testimony from a Vocational Expert ("VE") and considering Mr. Henry's age, education, work experience, and RFC, the ALJ found that significant numbers of jobs existed in the national economy that Mr. Henry could perform, such as storage facility rental clerk and toll collector. *Tr. 2484*. Accordingly, the ALJ found that Mr. Henry was not disabled. *Id*.

### III. Discussion:

#### A. Standard of Review

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see*

*also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

### B. Mr. Henry's Arguments for Reversal

Mr. Henry contends the ALJ's decision is not supported by substantial evidence because the ALJ failed to: (1) identify or resolve conflicts between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT"); and (2) properly evaluate the opinion of his primary care physician, Dr. Ronald Barnett. After

considering the record as a whole, the Court finds support for Mr. Henry's first argument. Since this argument relates to Ms. Henry's mental impairments, the Court will limit its discussion to this issue.[3]

Mr. Henry was diagnosed with depression, anxiety, and adjustment disorder. *Tr. 581-584, 1885-1888, 1960-1965*. He took Zoloft, Trazodone, and alprazolam as prescribed for these impairments. *Id*. Still, he had significant mental limitations. He claimed that he could not focus or remember things and would lose track of time; had problems speaking and disturbed sleep; zoned out when people talked to him; and avoided social activities. *Tr. 2500-2505*. He also suffers from a seizure disorder (he had a seizure while checking out at Wal-Mart and another while driving, causing a motor vehicle accident). *Tr. 505-509, 581-584, 1885-1901*. Mr. Henry's doctor told him not to drive until he was seizure-free for a year. *Tr. 2090*.

Dr. Barnett filled out a medical source statement stating that Mr. Henry would have a decreased ability to concentrate and persist in a job setting and would need to be redirected very frequently to stay on task. *Tr. 2244-2246*.

Considering these factors, the ALJ limited Mr. Henry to unskilled,[4] simple, routine, and repetitive work, with supervision that is simple, direct, and concrete.

---

[3] See *Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.").

[4] Unskilled work "needs little or no judgment to do simple duties that can be learned on the job in a short period of time." *See* 20 C.F.R. §§ 404.1568(a), 416.968(b), Soc. Sec. Ruling 83-10.

5

The prior ALJ also limited Mr. Henry to simple work, and the VE at the prior hearing identified jobs with level-three reasoning that Mr. Henry could perform.[5] The Appeals Council remanded the case, finding that the ALJ had not identified or resolved the conflict between a limitation to simple work and level three reasoning jobs. The Appeals Council's order stated:

> The ALJ did not recognize or resolve the possible conflict between the VE's testimony that the claimant's RFC for simple, routine, and repetitive tasks allowed him to do the mailroom clerk job; the DOT description of the mailroom clerk job [identifies it as requiring] reasoning level three.

*Tr. 2563*. The Appeals Council ordered a new ALJ to obtain supplemental VE testimony and to identify and resolve the conflict between simple work and level three reasoning jobs.[6] *Id*.

In this case, the ALJ assigned an RFC for simple, routine, repetitive work, with simple, direct, and concrete supervision. The VE identified two jobs that Mr. Henry purportedly could perform, both of which required level three reasoning. DOT 295.367-026, DOT 211.462-038. The ALJ asked the VE about apparent

---

[5] Level three reasoning demands the ability to apply "commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and to deal with problems involving several concrete variables in or from standardized situations." DOT, app. C, pt. III at 1011 (4th rev. ed. 1991).

[6] An ALJ has an affirmative duty to ask about any possible conflict between the VE's testimony and the DOT before relying on that testimony to support his finding that the claimant can perform work in the national economy. Soc. Sec. Ruling ("SSR") 00-4p (2000), 2000 SSR LEXIS 8; *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007); *Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014).

conflicts between his testimony and the DOT, but only with respect to reaching and handling duties. *Tr. 2526-2527*. He did not acknowledge or ask about a reasoning level conflict. Nor did the VE volunteer any information to resolve the apparent conflict.

In 2018 the Eighth Circuit reversed and remanded a case when a VE identified jobs with a reasoning level beyond the claimant's RFC limitations. *Thomas v. Berryhill*, 881 F.3d 672, 677 (8th Cir. 2018) (RFC limitations to simple one-to-two step tasks was incompatible with jobs requiring reasoning level three). Other judges in the Eastern District of Arkansas have found that an RFC for simple, unskilled work does not allow for the performance of jobs requiring level three reasoning. *Smith v. Comm'r of the SSA*, No. 3:20-cv-00317-ERE, 2021 U.S. Dist. LEXIS 219639, at *7 (E.D. Ark. Nov. 15, 2021) (noting that ALJ did not ask VE about conflict between simple work and level three reasoning jobs); *Ferguson v. Saul*, No. 3:19-cv-00242-BD, 2019 U.S. Dist. LEXIS 216303, at *7 (E.D. Ark. Dec. 17, 2019) ("RFCs that more generally propose simple work with simple instructions and few changes to routine do not allow a claimant to perform level three reasoning jobs."); *Golatt v. Saul*, No. 3:20-cv-00119-BD, 2021 U.S. Dist. LEXIS 36115 (E.D. Ark. Feb. 26, 2021) (simple, unskilled work does not correspond to level three reasoning).

The few cases Eighth Circuit cases finding that claimants could perform simple work jobs requiring level three reasoning are readily distinguishable from

this case. In those cases, the record as a whole established that, despite the simple work limitation, the claimant *could* perform work requiring level three reasoning. See, e.g., *Hillier v. SSA*, 486 F.3d 359, 367 (8th Cir. 2007); *Heins v. Saul*, No. 19-cv-2043-LTS, 2020 U.S. Dist. LEXIS, 136405, at *22 (N.D. Iowa June 11, 2020); *Hart v. SSA*, No. 5:18-cv-00137-BD, 2019 U.S. Dist. LEXIS, at *11 (E.D. Ark. March 18, 2019); *Bolar v. Colvin*, No. 3:15-cv-00386-JTR, 2016 U.S. Dist. LEXIS 161421 , at *6-8 (E.D. Ark. Nov. 22, 2016).[7] Factors such as the claimant's past work, education level, or ability to engage in daily activities supported the fact that the claimant had the ability to perform jobs requiring level three reasoning. For example, in *Hart* and *Heins*, the claimant had a nursing degree and past work as a nurse. In *Hart*, the claimant's depression and anxiety had improved over the relevant time-period.

In this case, Mr. Henry had only a high school education, no past relevant work, and needed assistance from his father to perform daily activities. Additionally, Mr. Henry's doctor opined that he would have problems with concentration and persistence. The record in this case strongly suggests that Mr. Henry's mental limitations would be inconsistent with the ability to perform a job requiring level three reasoning.

---

[7] Defendant cited to *Bolar v. Colvin* to support its position that simple work/level three reasoning jobs are compatible, but Bolar's past work was at the semi-skilled level. *Doc. No. 15 at 10*.

Again, the ALJ failed to recognize the possible conflict between the VE's testimony regarding two jobs that Mr. Henry allegedly could perform and the DOT description of both jobs as requiring level three reasoning. Without an explanation as to why there is no conflict, reversal is warranted.

## IV.   Conclusion:

For the reasons explained above, the Court finds that the ALJ's failure to resolve an apparent conflict at step five means that his decision is not supported by substantial evidence.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED and the case is REMANDED for further review. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Dated this 30th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE